UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| REYES CANCINO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>SAGAL MEAT MARKET VII, INC., SAGAL FOOD & FRUITS, 134th STREET MEAT MARKET, INC., 65 BURNSIDE MEAT MARKET CORP., DD&S MEAT, FISH, & PRODUCE INC. d/b/a SAGAL FOOD, any other related entities, and LENIN SANCHEZ, JOSELITO SANCHEZ, FERNANDO SANCHEZ, VICTOR SANCHEZ, ZULI SANCHEZ individually,<br><br>Defendants. | Docket No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Reyes Cancino by and through his attorneys, on behalf of himself and all others similarly situated (collectively "Plaintiffs"), alleges, upon personal knowledge as to himself, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action, on behalf of himself and other employees similarly situated (collectively "Plaintiffs"), to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiffs seek unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiffs also bring this action to remedy violations of the New York Labor Law ("NYLL") § 190 et. seq., §198, § 663, § 651 et seq. and § 650 et seq., and 12 New York Codes,

Rules, and Regulations ("NYCRR") § 142-2.1, 142-2.2, 142-2.4, 142-2.5, and 142-2.14. Plaintiffs seek unpaid overtime wages, unpaid "spread of hours" wages, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## PARTIES

6. Plaintiff Reyes Cancino ("Named Plaintiff") is a resident of the State of New York.

7. Upon information and belief, Defendant Sagal Meat Market VII, Inc. ("Sagal Meat Market"), is a domestic business corporation with a principal place of business at 1307 Fulton Street, Brooklyn, NY 11216.

8. Upon information and belief, Defendant Sagal Food & Fruits ("Sagal Food & Fruits"), is a domestic business corporation with a principal place of business at 1091 Southern Boulevard, Bronx, NY 10459.

9. Upon information and belief, Defendant 134th Street Meat Market, Inc. ("134th Street Meat Market"), is a domestic business corporation with a principal place of business at 514 E. 134th Street, Bronx, NY 10454.

10. Upon information and belief, Defendant 65 Burnside Meat Market Corp. ("65 Burnside Meat Market"), is a domestic business corporation with a principal place of business at 65 East Burnside Ave, Bronx, New York 10467.

11. Upon information and belief, Defendant DD&S Meat, Fish, & Produce Inc. d/b/a Sagal Food ("Sagal Food"), is a domestic business corporation with a principal place of business at 3420 Jerome Avenue, Bronx, NY 10467.

12. Upon information and belief, Sagal Food & Fruits, 134th Street Meat Market, 65 Burnside Meat Market, Sagal Food, and Sagal Meat Market operate as a single entity (collectively "Sagal").

13. Upon information and belief, individual Defendant Lenin Sanchez ("Lenin") serves or served as owner, manager, principal, president and/or agent of Sagal. Lenin has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

14. Upon information and belief, individual Defendant Joselito Sanchez ("Jose") serves or served as owner, manager, principal, president and/or agent of Sagal. Jose has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

15. Upon information and belief, individual Defendant Fernando Sanchez ("Fernando") serves or served as owner, manager, principal, president and/or agent of Sagal.

Fernando has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

16. Upon information and belief, individual Defendant Victor Sanchez ("Victor") serves or served as owner, manager, principal, president and/or agent of Sagal. Victor has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

17. Upon information and belief, individual Defendant Zuly Sanchez ("Zuli") serves or served as owner, manager, principal, president and/or agent of Sagal. Zuli has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

18. At all relevant times, Defendants employed Plaintiffs as defined by NYLL §§ 651(5) and (6) and applicable regulations, 12 NYCRR § 142-2.14.

19. At all relevant times, Defendants have been, and continue to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants employed "employee[s]," including Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiffs bring the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 2l6(b), on behalf of all persons employed by Defendants as non-exempt hourly workers from March 2021 through the present. All said persons, including Named Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs."

21. At all relevant times, Named Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and

pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per work week. The claims of the Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

22. Other non-exempt hourly workers currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt hourly workers to receive notice of the action and allow them to opt in to such an action if they so choose.

23. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS

24. Plaintiffs bring the Second, Third, and Fourth Claims for Relief pursuant to Rule 23 to recover unpaid overtime wages, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief on behalf of all individuals employed in the State of New York by Defendants as non-exempt hourly workers, from March 2018 through the present (the "Class Period"). All said persons, including Plaintiffs, are referred to as the "Class Members" and/or the "Class."

25. The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class

Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records. Notice can be provided by means permissible under Rule 23.

26. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of Defendants, Plaintiffs believe that through discovery they will obtain evidence to establish that there are at least forty members of the Class.

27. Named Plaintiff's claims are typical of the claims of the other Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that Defendants: (i) failed to pay Plaintiffs overtime wages at the correct rate for all hours worked in excess of forty hours per week; (ii) failed to provide Plaintiffs with proper wage statements; and (iii) failed to provide Plaintiffs with proper wage hiring notices. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

28. Named Plaintiff and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures caused by Defendants violations of the NYLL.

29. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs have retained Virginia & Ambinder, LLP, experienced employment and class and collective action litigation firms.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

31. Upon information and belief, employees of the Defendants are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class

Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

32. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (i) whether Defendants paid Plaintiffs at the correct overtime rate for all hours worked in excess of forty hours per week; (ii) whether Defendants provided Plaintiffs proper wage statements; and (iii) whether Defendants provided Plaintiffs proper wage hiring notices.

33. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## **FACTUAL ALLEGATIONS**

34. Defendants operate meat markets and grocery stores throughout Brooklyn and the Bronx.

35. At all times relevant hereto, Defendants employed Named Plaintiff as a non-exempt hourly worker.

36. At all times relevant hereto, Defendants employed the FLSA Collective Plaintiffs and the Class Members as non-exempt hourly workers.

37. Named Plaintiff worked for Defendants from approximately 2002 until approximately January 25, 2021.

38. While employed by Defendants, Named Plaintiff provided services to Defendants including but not limited to stocking and organizing Defendants' products, organizing products in Defendants' freezer, and preparing and labelling orders from customers of Defendants' meat products.

39. Additionally, Named Plaintiff performed construction work for Defendants' including but not limited to painting and flooring installation.

40. Yearly, Named Plaintiff was required to paint the houses of individual Defendants, including but not limited to homes located at 148 Chase Avenue, Yonkers, NY 10703, 44 Pocono Avenue, Yonkers, NY 10701, and 163 Briggs Avenue, Yonkers, NY 10701.

41. From approximately 2002 through 2018, Named Plaintiff typically worked six (6) days per week, from approximately 6:00 a.m. to 5:00 p.m. From approximately 2018 through 2021, Named Plaintiff typically worked six (6) days per week, from approximately 6:00 a.m. to 4:00 p.m. Occasionally, Plaintiff would be required to work until 7:00 p.m.

42. From approximately 2018 through 2019, Defendants paid Named Plaintiff $150 per day for all hours worked. From approximately 2020 through 2021, Defendants paid Named Plaintiff $170 per day for all hours worked.

43. Defendants paid Named Plaintiff in cash only.

44. Named Plaintiff was not paid the applicable overtime hourly rate for all hours worked in excess of forty hours per week.

45. Named Plaintiff did not receive the "spread of hours" premium of one additional hour at the minimum wage rate for the days in which he worked 10 or more hours.

46. Named Plaintiff's co-workers perform the same and/or similar work to that of Named Plaintiff.

47. Like Named Plaintiff, the FLSA Collective Plaintiffs and the Class Members generally worked more than 40 hours per week but were not paid overtime wages, at the applicable overtime hourly rate, for all hours worked in excess of 40 hours in any given week.

48.  Like Named Plaintiff, the Putative Class members did not receive the "spread of hours" premium of one additional hour at the minimum wage rate for the days in which they worked 10 or more hours.

49.  At all relevant times, Defendants have maintained a practice and policy of assigning Named Plaintiff and the FLSA Collective Plaintiffs and the Class Members to work more than 40 hours per week without paying them the applicable overtime hourly rate of pay for all hours worked in excess of 40 per week, in violation of the FLSA and New York State Labor Law.

50.  Defendants' actions as described herein were intentional and not made in good faith.

51.  Defendants violated NYLL § 195 by failing to furnish Named Plaintiff and the Class Members with an accurate statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

52.  Defendants violated NYLL § 195 by failing to furnish Named Plaintiff and the Class Members with notice, in English or in the languages identified by Named Plaintiff and the Class Members as his/her primary language, containing Named Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

53. Defendants knew of, and/or showed reckless disregard for, the practices by which Named Plaintiff and the FLSA Collective Plaintiffs and the Class Members were not paid overtime premiums for all hours worked in excess of forty (40) hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure Named Plaintiff and the FLSA Collective Plaintiffs and the Class Members and that they violated the FLSA and the NYLL.

54. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Named Plaintiff and the FLSA Collective Plaintiffs and the Class Members.

55. Upon information and belief, Defendants had substantial control of the working conditions of Named Plaintiff and the FLSA Collective Plaintiffs and the Class Members and over the unlawful policies and practices alleged herein.

### FIRST CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages - FLSA, Brought by Named Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

56. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

57. At all relevant times, Named Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

58. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Named Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

59. Named Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages - NYLL, Brought by Named Plaintiff on Behalf of Himself and the Class Members)

60. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

61. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

62. Defendants willfully, regularly, repeatedly and knowingly failed to pay Named Plaintiff and the Class Members the required overtime rates for hours worked in excess of forty (40) hours per workweek.

63. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Named Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

64. Named Plaintiff and the Class Members seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (Failure to Pay "Spread of Hours" Wages – NYLL, Brought by Named Plaintiff on Behalf of Himself and the Class Members)

65. Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

66. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours[.]"

67. Defendants required that Named Plaintiff and members of the putative class typically work more than 10 hours in a day.

68. At all times relevant to this action, Defendants failed to pay Named Plaintiff and members of the putative class the "spread of hours" premium required by 12 NYCRR § 142-2.4.

69. Defendants' failure to pay "spread of hours" compensation for work performed by Plaintiffs after 10 hours in day was willful.

70. By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FOURTH CLAIM FOR RELIEF
**(Wage Statement Violations - NYLL §195, Brought by Named Plaintiff on Behalf of Himself and the Class Members)**

71. Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

72. Defendants willfully failed to supply Named Plaintiff and the Class Members with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

73. Due to Defendants' violations of the NYLL, Named Plaintiff and the Class Members are entitled to recover damages and/or statutory penalties from Defendants, as provided for by NYLL § 198, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## FIFTH CLAIM FOR RELIEF
### (Wage Notice Violations - NYLL §195, Brought by Named Plaintiff on Behalf of Himself and the Class Members)

74. Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

75. Defendants failed to supply Named Plaintiff and the Class Members with notice as required by NYLL § 195, in English or in the languages identified by Named Plaintiff and the Class Members as his/her primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

76. Due to Defendants' violations of the NYLL, Named Plaintiff and the Class Members are entitled to recover damages and/or statutory penalties from Defendants, as provided for by NYLL § 198, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

### PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and

permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as a class action;

(c) Designation of the Named Plaintiff as Representative of the FLSA Collective Plaintiffs and Class Representative of the Class;

(d) An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g) Liquidated Damages;

(h) Pre-Judgment and post-judgment interest, as provided by law; and

(i) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
March 6, 2024

VIRGINIA & AMBINDER, LLP

  s/LaDonna M. Lusher, Esq.
LaDonna M. Lusher, Esq.
Paige I. Piazza, Esq.
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080